ALBANY,
August, 1830.

J. & F. CUYLER *vs.* STEVENS.

Cuyler
v.
Stevens.

The revised statutes having left it to the discretion of the court whether, on affirmance of a *judgment after verdict*, the defendant in error shall recover *double costs*, such costs will be awarded, where, from the nature of the case, the court believe that the writ of error was brought for the purpose of delay, and without any reasonable ground of hope or expectation that the judgment would be reversed ; but if the question presented is one of doubt or importance, as a general rule *single costs* only will be given.

The question of costs will always be disposed of in deciding the case upon the facts presented in the error book, and not upon special *motion*.

*It seems* that when the question presented is not *frivolous, single costs* only will be allowed.

MOTION for *double costs*, on the affirmance of a judgment after verdict.

August 19th.

*By the Court,* SUTHERLAND, J. By the 14th section of the act concerning costs, 1 *R. L.* 346, the defendant in error, in a case like the present, was of course entitled to double costs. The revised statutes, 2 *R. S.* 618, § 33, leave it discretionary with the court to award double costs or not. Where, from the nature of the case, the court believe that the writ of error must have been brought for the purpose of delay, and without any reasonable ground of hope or expectation that the judgment would be reversed, they will award double costs. But if the question presented is one of doubt or importance, as a general rule single costs only will be given. The question of costs will always be disposed of, in deciding the case, upon the facts presented in the error book, and not upon special motion. The discretion of the court is to be guided by the nature of the case, as presented by the record, and not by collateral and extraneous circumstances.

The question in this case was not free from difficulty. It was not improper to be reviewed by this court. It certainly was not frivolous, and there is no reason to suppose that the writ of error was brought for delay. This motion is therefore denied, but without costs, as the practice under this section of the revised statutes has not hitherto been settled.